

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable O. P. Lockhart, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:　　　　　　Opinion No. O-5018
　　　　　　　　　　Re: The facts set out do show a
　　　　　　　　　　violation of Article 4875a-4
　　　　　　　　　　Vernon's Annotated Civil Stat-
　　　　　　　　　　utes.

We have your letter of recent date the material parts of which are set out below:

"A case has been brought to our attention by one of our Examiners wherein a local mutual aid association and a burial association, both of which were organized and are operating under the provisions of Title 78, Chapter 9A, (Article 4875a) and S. B. 135 (Chap. 22, Article 5068-1) have completely interlocking or common directorates and officials; that is to say, the same individual serves as president and director of both associations; another individual as secretary, treasurer and director of both associations; a third individual as vice-president and director of one association and director of the other; and each of four other individuals serves as director of both associations. Both have their business office in a funeral home which is owned and operated by some or all of the persons who operate the associations as officers and directors. The local mutual aid association, through its expense fund, has disbursed substantial sums of money for miscellaneous funeral supplies, for the benefit of the burial association, and has also lent money to the burial association and subsequently released the latter from liability for repayment of all such items.

"...."

Honorable O. P. Lockhart, Chairman, Page 2

"Please advise whether the facts above recited show any violation of Section 4 of Article 4875a, last quoted."

Section 4 of Article 4875a, Vernon's Annotated Civil Statutes (Acts of 1929, 41st Legislature, page 563, Chapter 274, Section 4) set out in your letter reads as follows:

"Art. 4875a-4. Independent Associations.— There shall be no connection between any two associations operating under this law and no one association shall contribute anything by way of salary or compensation to any executive officer for the purposes of such other association."

Section 23 of Article 5068-1, Vernon's Annotated Civil Statutes (Acts of 1939, 46th Legislature, Chapter 6) provides as follows:

"Sec. 23. Burial Association. Any individual, individuals, firms, co-partnerships, corporations or associations doing the business of providing burial or funeral benefits, which under any circumstances may be payable partly or wholly in merchandise or services, not in excess of One Hundred and Fifty ($150.00) Dollars, or the value thereof, are hereby declared to be burial companies, associations or societies, and shall organize under provisions of Chapter 274, Acts of the Forty-first Legislature, 1929, and amendments thereto; and shall operate under and be governed by Chapter 274, Acts of the Forty-first Legislature, 1929, and amendments thereto, and this Act. It shall be unlawful for any individual, individuals, firms, co-partnerships, corporations, or associations, other than those defined above, to engage in the business of providing burial or funeral benefits, which under any circumstances may be paid wholly or partly in merchandise or services."

It is our opinion and you are so advised that the facts set out in your letter do constitute a connection between the associations involved, and, therefore, do show a violation of Section 4 of Article 4875a above quoted.

Honorable O. P. Lockhart, Chairman, Page 3

Your supplemental letter sets out the case of a burial association and a local mutual aid association that have only one officer in common, there being otherwise no connection between them.

The statutory prohibition against connections between such associations is set out in broad language. It recognizes no degrees of connection.

It is further our opinion and you are so advised that the latter set of facts also show a violation of Section 4 of Article 4875a.

Trusting the above sufficiently answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By       Donald Gay
      Donald Gay
      Assistant

DG:mp

APPROVED JAN 20, 1943

ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN